17-3739-cr
United States v. Ressler

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY  ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25ᵗʰ day of October, two thousand eighteen.

Present:      ROSEMARY S. POOLER,
              RAYMOND J. LOHIER, JR.,
              SUSAN L. CARNEY,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

              v.                                              17-3739-cr

PETER RESSLER,

                        *Defendant-Appellant*.

_____

Appearing for Appellant:      Dennis C. Vacco, Lippes Mathias Wexler Friedman LLP (Eric M. Soehnlein, *on the brief*), Buffalo, N.Y.

Appearing for Appellee:      Christopher W. Schmeisser, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*) *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Covello, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Peter Ressler appeals from the November 8, 2017 judgment of the United States District Court for the District of Connecticut (Covello, *J.*), sentencing him principally to sixty-three months of imprisonment following his conviction, after a plea of guilty, to wire fraud, 18 U.S.C. § 1343, embezzlement from a bankruptcy estate, *id.* § 153, and bankruptcy fraud, *id.* § 157. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Ressler first argues that the government breached his plea agreement by advocating for a guidelines-range sentence, rather than telling the court that the parties agreed Ressler was entitled to a downward departure or variance. He contends that the government's repeated mention of the applicable guidelines range signaled to the district court that a guidelines-range sentence was appropriate, and that the government's presentation minimized the steps he took to cooperate with the government and to help mitigate the harm to his victims.

We review this unpreserved argument for plain error. *Puckett v. United States*, 556 U.S. 129, 133-34 (2009). "To prevail on plain error review, an appellant must show that (1) there is error, (2) it is plain, (3) it affects a substantial right, and (4) it seriously affects the fairness of the judicial proceedings, resulting in a miscarriage of justice." *United States v. MacPherson*, 590 F.3d 215, 218-19 (2d Cir. 2009). For an alleged breach of a plea agreement to be "plain," the breach must "be clear or obvious, rather than subject to reasonable dispute." *Puckett*, 556 U.S. at 135.

We cannot say that the government clearly or obviously breached the plea agreement. At no point did the government explicitly say to the district court that Ressler was not entitled to a downward departure or variance. The government's statements that a guidelines-range sentence was an appropriate starting point was not a clear or obvious breach. Moreover, the agreement does not indicate what degree of departure or variance Ressler's conduct warranted. Thus, nothing in the agreement clearly required the government to characterize Ressler's mitigation efforts in the same light Ressler would have preferred. We do not find a clear or obvious breach in the government's characterizations of Ressler's mitigation and cooperation efforts.

Ressler next argues that the district court violated 18 U.S.C. § 3553(c) by not disclosing whether it adopted the probation office's sentencing recommendation. The parties dispute what standard of review applies and whether the appellate waiver in Ressler's plea agreement bars this claim. We need not resolve those issues, however, because we find no error.

Section 3553(c) "require[s] the sentencing judge to articulate a reason that demonstrates that [s]he thoughtfully discharged [her] statutory obligation, with a degree of care appropriate to the severity of the punishment ultimately selected." *United States v. Rosa*, 11 F.3d 315, 344 (2d Cir. 1993) (internal quotation marks omitted). "It is sufficient for the court to advert to a given factor or factors in selecting a point within the [guidelines] range." *Id.*

Here, the district court provided ample reasoning for the sentence it imposed. The court first noted the appropriate guidelines range. It then specifically listed the materials it considered and identified the factors on which it relied, including the seriousness of Ressler's offense conduct and his acceptance of responsibility, cooperation with the government, efforts at mitigation, lack of criminal history, and employment efforts. This plainly satisfies the requirements of Section 3553(c).

We have considered the remainder of Ressler's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3